HEARD NOV. TERM, 1871.

McCREA vs. PORT ROYAL RAILROAD COMPANY.

The Port Royal Railroad Company was chartered in 1857, and its charter was renewed in 1870. The charter of 1857 prescribed the mode by which lands might be condemned to the use of the company, and by a general Act, passed in 1868, a different mode of condemning lands to the use of all railroad corporations was prescribed: *Held*, That the company must proceed in the mode prescribed by the Act of 1868.

BEFORE PLATT, J., AT CHAMBERS, DECEMBER, 1870.

The case is stated in the judgment of the Court.

*Verdier*, for appellant.

*Bell & Barnwell*, contra.

May 3, 1872. The opinion of the Court was delivered by

MOSES, C. J. The Port Royal Railroad Company was chartered on the 21st of December, 1857, (12 Stat., 660,) with all the powers, rights and privileges conferred on the Spartanburg and Union Railroad Company by its charter of December, 1847, (11 Stat., 479.) The right of way which it might require from owners of land through which the road was to pass, was to be determined in the manner prescribed by the sixth Section of the "Act to authorize the for-

mation of the Greenville and Columbia Railroad Company," which will be found in 11 Stat., 326.

On the 15th of September, 1870, application having been made by the Port Royal Railroad Company to his Honor Judge Platt, for the appointment of Commissioners to appraise the lands of the appellant, Mrs. Jane McCrea, through which the line of the railroad was to run, an order was issued in conformity with the mode prescribed by the said sixth Section of the charter of the Greenville and Columbia Railroad Company. The owner of the land then applied to the Judge to vacate the said order, on the ground that the manner directed for the assessment and condemnation of the land was not in conformity with the existing law under which the right of way over the lands of persons and corporations should be taken for the construction of railroads and other works of internal improvement, as declared by the Act approved December 22, 1868, (14 Stat., 89.) His Honor refused to vacate the order, holding that the course to be pursued must be according to the mode directed by the charter, and an appeal is taken to this Court to reverse his judgment.

The Judge placed his decision on the assumption that the charter constituted a contract with the railroad company, as to the mode by which the lands required by it should be taken for its use, and that it was not, therefore, in the power of the State to prescribe any other, or change or modify that which it had permitted. It is not perceived how any contract resulted from the charter which tied the hands of the Legislature, in declaring the manner by which the land of the citizen should be taken for public use, for it is only on the principle of eminent domain, that the land owner could be compelled to yield any portion of her territory for the purpose of a railroad company. The right of the corporation is only in the nature of a qualified grant, to be enjoyed on due compensation being rendered, and the mode through which the land might be taken by the company remained subject to the pleasure and will of the State. It was, at most, but a change in the remedy, and did not at all conflict with the material right acceded by the charter, which was the power of subjecting private property to the use of the road. The Act of 1868 did not impair the obligation of any contract. At the date of its passage, no right to the land in question had vested in the company. It declared a general law upon the subject, applicable to all persons or corporations " authorized by charter to construct a railway, canal, turnpike or other public highway in the

State." There are no words restricting the particular mode therein directed to charters thereafter to be obtained. On the contrary, the provision refers generally to all charters, whether existing, or afterwards to be conferred. The words " that when any person or corporation shall be authorized," &c., clearly include the Port Royal Railroad Company, for they come directly within the description. (See *Balt. & Susq. R. R. Co.* vs. *Nesbitt et al.,* 10 How., 395.)

If, however, it should be concluded that the mode to be followed by this company, for the assessment of the lands which may be necessary for its use, must be according to the form prevailing at the time of the grant of its charter, even then it is not free from the operation of the provisions of the Act of 1868. Its charter being identical with that of the Spartanburg and Union Railroad Company, while the latter is exempt from the operation of the forty-first Section of the Act of 1841, (11 Stat., 168,) " to incorporate certain villages, societies," &c., it is expressly declared that " nothing herein contained shall be construed to exempt the said company from the provisions of the said forty-first Section, upon any future grant, renewal or modification of their charter." The said Section is in the language following : " That it shall become part of the charter of every corporation which shall ' at the present or any succeeding session of the General Assembly, receive a grant of a charter, or any renewal, amendment or modification thereof, (unless the Act granting such charter, renewal, amendment or modification, shall in express terms exempt it,) that every charter of incorporation granted, renewed or modified, as aforesaid, shall at all times remain subject to amendment, alteration or repeal, by the Legislative authority.' "

The Port Royal Railroad Company, by reason of its failure to comply with certain conditions of its charter, found it necessary to obtain an extension and renewal of it by the Act of 1870, (14 Stat., 379,) and its charter must be construed and exercised in accordance with the laws in force at the time of such renewal, in respect to corporations of the said character, even if inconsistent with those which prevailed at the date of the original charter, which is to be considered as amended so as to conform to the then existing laws.

The motion is granted, and the order referred to, of 15th Sep., 1870, is set aside.

*Willard*, A. J., and *Wright*, A. J., concurred.